IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACKORY PHILLIPS,

Plaintiff,

vs.                                                    Case No. 22-3006-SAC

UNITED STATES OF AMERICA,
and WARDEN HUDSON OF
UNITED STATES PENITENTIARY
LEAVENWORTH, KANSAS,

Defendants.

MEMORANDUM AND ORDER

The plaintiff Zackory Phillips originally filed a handwritten document that he entitled a petition for habeas corpus asserting he was being held in the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth") as a pretrial detainee for a supervised release violation. ECF# 1. In substance, he alleged that the prison conditions were unconstitutional for pretrial detention, because he was subjected to a daily lockdown, to shared housing with pretrial detainees with higher classifications, to showers every other day, and to less accommodations than those afforded pretrial detainees held in other facilities. ECF# 1, p. 2. For relief, Phillips asked that his pretrial detention not be in a federal penitentiary and that he be afforded the same privileges given pretrial detainees held in county jails. *Id.* The court immediately notified Phillips that he needed to use court-approved forms for his complaint. ECF# 2.

Phillips then filed a civil rights complaint form pursuant to 28 U.S.C. § 1331. ECF# 3. Under heading, "Nature of the Case," Phillips wrote as "the

1

background" to his case that his pretrial detention in the prison setting of USP Leavenworth is cruel and unusual punishment in that he has yet to be convicted or sentenced. *Id.* at p. 2. He also complained of unequal treatment arguing that pretrial detainees in county jails are not subjected to the more restrictive prison setting. *Id.* But as for his claims, Phillips alleges just a single count. "My rights as a citizen have been violated 'Right to speedy trial' under U.S.A. Constitutional Law. Presumption of innocence is nonsufficient. I'm in prison w/o a conviction." *Id.* at p. 3. In short, the plaintiff's alleged claim directly refers to his constitutional right to a speedy trial and vaguely refers to his constitutional right to due process. For relief, Phillips asks to be treated as other pretrial detainees held in county jails. *Id.* at p. 5.

**Statutory Screening of Prisoner Complaints**

A court must screen prisoners' complaints which seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of

entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The plaintiff does not allege any facts on the court's forms in support of his single claim. Nor does he disclose the forum where he is charged and for which he is being detained for trial. By its own investigation, the court has learned that Phillips is in the custody of the United States Marshal Service following the preliminary

revocation of his supervised release on December 20, 2021, in the case of *United States v. Zackory Phillips,* No. 20-cr-0028-SRB-1 in the Western District of Missouri. Phillips also has been indicted on a single count of felon in possession of a firearm in the same federal district court, No. 22-00013-SRB.

As stated before, Phillips alleges as his only direct claim for relief is that his right to a speedy trial has been violated. This allegation constitutes a challenge to his criminal pretrial proceedings and detention. He must pursue it within his federal criminal cases. 18 U.S.C. § 3145. A speedy trial violation would be raised in his criminal cases by a motion under 18 U.S.C. § 3162(a). If the plaintiff's complaint is intended to seek habeas relief under § 2241, Phillips still must raise his speedy trial claim in his criminal cases. A federal pretrial detainee usually must exhaust other available remedies before seeking § 2241 relief. *See Chandler v. Pratt*, 96 Fed. Appx. 661, 662 (10th Cir. 2004) (rejecting the petitioner's habeas claim challenging a violation of his speedy trial rights where he could have filed a motion in his pending criminal case under 18 U.S.C. § 3162(a)(2)). The Tenth Circuit's adopted rule is that habeas relief under 28 U.S.C. "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial" and "the denial of the right to a speedy trial does not justify an exception to that general rule." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017), *cert. denied*, 138 S.Ct. 1573 (2018).

Nor is there any associated constitutional right that a federal pretrial detainee be held only in county jail facilities rather than a federal facility. "The place of detention of a pretrial detainee is a matter within the discretion of the authority having primary custody of the defendant." *Green v. Richardson*, No. 09-3234-RDR,

4

2009 WL 4049973, at *1 (D. Kan. Nov. 20, 2009). "Where defendant is housed pending trial is a matter left to the discretion of the United States Marshals Service." *United States v. Dixon*, No. 21-cr-070, 2021 WL 4129623, at *2 (D. N.D. Sep. 9, 2021) (citing 18 U.S.C. § 4086 and 28 CFR §§ 0.111(o), 0.111(k). "[T]hese statutes and regulations provide the United States Marshal Service with broad authority to determine where to house its prisoners." *United States v. Espinoza-Arevalo*, No. 14-00332-02-CR, 2015 WL 9598299, at **3 (W.D. Mo. Dec. 30, 2015) (citations omitted); *see Cometa v. Doe*, No. 18-cv-233, 2018 WL 11247169, at *1 (M.D. Fla. Aug. 15, 2018)(18 U.S.C. § 3142 does not limit "the Attorney General's discretion in selecting appropriate forum for the pre-trial detention of a defendant awaiting trial" and a "pre-trial detainee does not have the right to be housed at the facility of his choice." (internal quotation marks and citation omitted)).

The plaintiff's constitutional rights, including his right to due process, are not violated just because he is a pretrial detainee housed in the conditions of a prison setting at USP Leavenworth. A pretrial detainee's claim of unconstitutional conditions of confinement is evaluated under the Fourteenth Amendment's Due Process Clause. *Sanders v. Hopkins*, 131 F.3d 152, 1997 WL 755276 (10th Cir. 1997) (unpublished) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Due Process Clause protects a pretrial detainee from exposure to conditions that "amount to punishment or otherwise violate the Constitution." *Bell*, 441 U.S. at 537. The Tenth Circuit has summarized the law in this way.

> [A]lthough the Due Process Clause prohibits the punishment of a pretrial detainee before an adjudication of guilt, *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), "a restriction on a pretrial detainee does not constitute punishment unless it is (1) intended as punishment or (2)

> unrelated to a legitimate government objective," *Cordova v. City of Albuquerque*, 816 F.3d 645, 655 n.5 (10th Cir. 2016).

*Cox v. Denning*, 652 Fed. Appx. 687, 692 (10th Cir. 2016) (unpublished). Thus, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." *Bell*, 441 U.S. at 53. The transfer or housing of a pretrial detainee "to less amenable and more restrictive quarters for nonpunitive reasons" does not constitute punishment in violation of the Due Process Clause. *Covino v. Vermont Department of Corrections*, 933 F.2d 128, 129 (2d Cir.1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). See also *Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1419 (S.D.Ill.1994) (despite added hardship, the Due Process clause does not bar transfer of federal pretrial detainee from pretrial detention center to maximum security prison), *aff'd*, 52 F.3d 137 (7th Cir. 1995). The core question is whether the more restrictive housing is "imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose." *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (citation omitted), *vacated in part on rehearing en banc on other grounds*, 449 F.3d 1097 (10th Cir. 2006), *cert. denied*, 549 U.S. 1056 (2006). Placement of a pretrial detainee for managerial purposes, and not for punishment, does not trigger a due process requirement. *Peoples*, 422 F.3d at 1106 (citation omitted).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Id. at 555, 570. There are no allegations here which plausibly suggest the Warden's classification and placement of Phillips within USP Leavenworth was to punish him for something he did. Indeed, the plaintiff does not allege that the defendants' placement of him within USP Leavenworth was any different from other pretrial detainee housed there. The plaintiff's complaint lacks any facts tending to show an intent to punish him through his housing placement in USP Leavenworth.

The plaintiff does not allege the denial of any other constitutional rights, although he lists some general restrictions and limitations resulting from the prison setting. It is not this court's duty to allege the theories or the facts to support them.

The plaintiff sues the United States because he is being housed in a USP supervised and staff by federal employees. "The United States, as sovereign, is immune from suit unless it waives its sovereign immunity and consents to be sued. *See, e.g., United States v. Thompson*, 98 U.S. 486, 489, 25 L.Ed. 194 (1878)." *Harrell v. U.S.*, 443 F.3d 1231, 1234 (10th Cir. 2006). "Absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)." *Id.* "[T]he existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). The bar of sovereign immunity reaches

claims for injunctive relief. *United States v. Murdock Machine and Engineering Co. of Utah,* 81 F.3d 922, 929 (10th Cir. 1996). Thus, to sue the United States, a plaintiff must allege a basis for jurisdiction and a specific statute that waives the government's immunity from suit, and dismissal is appropriate if no statutory waiver is alleged. *Macklin v. United States,* 300 F.3d 814, 819 (7th Cir. 2002). While the general federal question statute, 28 U.S.C. § 1331, gives district courts original jurisdiction, it "does not waive the government's sovereign immunity." *Eagle-Picher Industries, Inc. v. United States*, 901 F.2d 1530, 1532 (10th Cir. 1990)); see also *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir.2002) ("General jurisdictional statutes such as 28 U.S.C. § 1331 do not waive the Government's sovereign immunity." (citation omitted)). Thus, the district court may not base its jurisdiction on § 1331 without another statute also waiving sovereign immunity. "A complaint must state the jurisdictional basis for all of the claims alleged therein." *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015). The plaintiff alleges no other statute accomplishing this waiver of sovereign immunity.

The plaintiff does not allege how the defendant Warden personally participated in the denial of his constitutional rights. Phillips appears to rely on the Warden's supervisory control of the USP. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a

8

theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citation omitted). It is not enough to allege that the defendant Warden knew the plaintiff was a pretrial detainee and was indifferent to his complaint over the conditions.

The plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein. He is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. This amended complaint is to be proper and complete alleging only properly joined claims and defendants, alleging sufficient facts to state a claim for a federal constitutional violation legally and factually viable in federal court, and alleging sufficient facts to show personal participation by each named defendant. If the plaintiff does not file his good-cause response and/or his amended complaint within the prescribed time, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted until March 30, 2022, in which to show good cause, in writing, to the Honorable Sam A. Crow, United

9

States District Judge, why his complaint should not be dismissed for the reasons stated herein, and is also granted until March 30, 2022, in which to file a complete and proper amended complaint curing all the deficiencies discussed herein. The plaintiff's failure to file a good-cause response and/or his amended complaint by March 30, 2022, will result in the court deciding this matter based upon the current deficient complaint and dismissing without further notice.

Dated this 9th day of March, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge